MAGNOLIA PARK COMPANY ET AL. v. CHARLES TINSLEY ET AL.

No. 1180. Decided March 26, 1903.

1.—Judgment—Estoppel—Reversal and Remand.

The ruling of the appellate court on a point of law decided by them in reversing and remanding the cause without determining the rights of the parties, does not bind the appellate or Supreme Court upon a second trial and appeal. (Pp. 373, 374.)

2.—Trust—Conversion of Stock into Real Estate—Powers of Trustee.

A trust created by deed in corporate stock in a suburban land company attaches, after conversion of the stock, by partition suit, into a title to a specific part of the land, to the land so recovered, and a power of sale given the trustee over the stock will support a conveyance of such estate by the trustee. (P. 374.)

3.—Same—Secret Trust—Innocent Purchaser.

A purchaser from a trustee acting within the scope of the authority conferred by the trust deed, is entitled to protection, as an innocent purchaser, against secret trusts of which such purchaser had no notice. (P. 374.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Ewing & Ring,* for appellants.—The effect of the judgment of partition in cause No. 10,189, in which all unknown owners entitled to distributive shares were cited by publication, was to vest in Mary A. Tinsley the legal title to the 109-acre tract of land set aside to her; and since the Magnolia Park Company purchased for value and without notice, judgment should have been rendered in its favor. For opinion of court on former appeal, see Tinsley v. Magnolia Park Co., 59 S. W. Rep., 629. As to citation of unknown owners in partition proceedings, see Act of 1879, p. 46, which is the same as Rev. Stats., 1895, art. 3609. As to presumption in regard to regularity of service when record is silent, see Wilkerson v. Schoonmaker, 77 Texas, 617; 1 Freeman on Judg., 4 ed., sec. 124; Martin v. Burns, 80 Texas, 680. As to effect given to decrees in partition suits against unknown owners, see Freeman on Coten. and Part., sec. 483; Hardy v. Beaty, 84 Texas, 567; Foote v. Sewall, 81 Texas, 662; Pool v. Lamon, 28 S. W. Rep., 363; Gillon v. Wear, 9 Texas Civ. App., 46. That title is as effectually vested by partition decree as by deed, see Rev. Stats., 1876, art. 3483. That partition deeds are not quitclaim deeds, see Kempner v. Lumber Co., 20 Texas Civ. App., 308; and that one taking part in partition

is estopped from setting up a superior title, see De la Vega v. League, 64 Texas, 205.

The deed from I. T. Tinsley to Mary A. Tinsley of date March 18, 1874, conveying 1700 shares of stock in the New Houston Company to Mary A. Tinsley, was not sufficient to put the Magnolia Park Company on notice of the fact that the land set aside to her in the decree of partition in said cause No. 10,189 was held by her in any trust capacity, since this deed did not appear in its chain of title with respect to the lands in controversy, its title being complete without it, nor were the recitals in any deeds in such chain of title sufficient to charge it with notice. That registration notice to Magnolia Park Company extended only to the apparent origin of Mary A. Tinsley's title in the partition decree (see White v. McGregor, 92 Texas, 556), and did not extend to collateral deeds for different land, see Frank v. Heidenheimer, 84 Texas, 642, 645. It can not be affirmed, upon the facts appearing, that the legal title remained out of W. P. Hamblen in such sense as would defeat the plea of innocent purchase by one deraigning regularly under his title. Carey v. Starr, 93 Texas, 514, and cases cited; Douglass v. Blount, 93 Texas, 499, and cases cited; Edwards v. Brown, 68 Texas, 337.

At the time of the execution of the deed conveying to John T. Brady the rest of the 109-acre tract, Mary A. Tinsley was fully authorized to convey same in pursuance of the power conferred by the deed executed in her favor by Isaac T. Tinsley, and the legal title passed to John T. Brady, since there was no such partition of the land in question between the children of Isaac T. Tinsley as to terminate the power of sale conferred upon her. That the certificate shares in joint stock company for land holdings are representative of and are in effect the equitable title to the land itself, see Durkee v. Stringham, 8 Wis., 1; Batty v. Adams County, 16 Neb., 44; 11 Am. and Eng. Enc. of Law, 1036, et seq. That the deed to John T. Brady, being so intended as found by the jury, was a valid execution by Mary A. Tinsley of the trust power of sale, see Hill v. Conrad, 91 Texas, 341, and cases there reviewed.

Plaintiffs' asserted cause of action was barred by limitation and tolled by laches, rendering glaring the inequity of enforcing the stale claim. Rev. Stats., art. 3358; Groesbeck v. Crow, 91 Texas, 76; Cooper v. Lee, 75 Texas, 114; Haskins v. Walet, 63 Texas, 215; Montgomery v. Noyes, 73 Texas, 203, 210; Ware v. Galveston City Co., 146 U. S., 102.

*Jacob C. Baldwin, Rowe & Rowe,* and *F. B. Stanley,* for appellees.— The legal title to the land in controversy was at the time of the death of Isaac T. Tinsley in the said Isaac T. Tinsley, and upon his death it passed by descent to his children, thereby placing the legal title to said land in the children of Isaac T. Tinsley, and the suit of Mary A. Tinsley v. the Young Men's Mutual Real Estate and Building Association

could not and did not have the effect of divesting them of their legal title so acquired or inherited from their father. This would be true, even though they were parties to that suit. Tinsley v. Magnolia Park Co., 59 S. W. Rep., 629; Allen v. Long, 80 Texas, 261; Hume v. Ware, 87 Texas, 380; Paschal v. Acklin, 27 Texas, 192; 11 Am. and Eng. Enc. of Law, 1055; Adams v. Barlow, 69 Ga., 302; McNish v. Guerard, 4 Strob. Eq., 66.

Where the defendants estopped by the judgment of the Court of Civil Appeals on the former appeal?

Inasmuch as the case under consideration was a suit of trespass to try title and for partition, and inasmuch as the decision rendered by the Court of Civil Appeals on the former appeal of this case settled every question of law involved in the case, and in effect rendered judgment for the plaintiffs for their undivided interest in the land, and reversed and remanded said cause in order that the trial court might determine by evidence the exact number of acres to which the plaintiffs were entitled, and in effect directed the trial court to render judgment for the plaintiff for said land for the number of acres that it might be ascertained that the plaintiffs were entitled to, and proceed to render judgment for the land, directing a partition in accordance with the opinion of said Court of Civil Appeals, and this settled the case; and by this opinion there was nothing left open to be determined by the trial court except the question of partition. And inasmuch as the defendants failed to file any motion for a rehearing and failed to make any application to the Supreme Court for a writ of error on said questions, they thereby waived all right to have said decision of the Court of Civil Appeals reviewed, and upon the trial court rendering judgment in accordance with the instructions given in that opinion, the appellants could not again prosecute an appeal and put in issue the questions of law involved on the former appeal, for the reason that they would be forever estopped from doing so. Rev. Stats., arts. 940, 941, 1030; Rule 1 of the Supreme Court; McGhee v. Romatka, 92 Texas, 241; Freeman v. McAninch, 87 Texas, 132; Gallaher v. McHugh, 85 Texas, 447; Campbell v. Wiggins, 85 Texas, 453; McConnell v. Wall, 67 Texas, 353; McConnell v. Wall, 65 Texas, 397; Wells v. Littlefield, 62 Texas, 28; Cole v. Bammel, 62 Texas, 108; 2 Enc. of Pl. and Prac., 378, and authorities there cited; 1 Am. and Eng. Enc. of Law, 628; 3 Enc. of Law and Prac., 395, and authorities there cited; Gaines v. Rugg, 148 U. S., 230; Texas & P. Railway Co. v. Anderson, 149 U. S., 237; Aspen Mining Co. v. Billings, 150 U. S., 31; People v. Ill. Cen. Railway Co., 184 U. S., 77; Reed v. West, 70 Ill., 479; Ogden v. Larrabee, 70 Ill., 510; Chicago & A. Railway Co. v. American Strawboard Co., 190 Ill., 268; see 59 N. E. Rep., 981. An appeal from such a judgment should be dismissed. United States v. New York Indians, 173 U. S., 464.

Inasmuch as the questions of law involved on this appeal were passed upon by the Court of Civil Appeals upon the former appeal, the doctrine of the law of the case in relation to the former opinion of the

court of last resort is applicable and the court can not now reopen or reconsider the questions passed upon in the opinion of said court. People v. Illinois Cen. Railway Co., 184 U. S., 77, and other authorities cited under first proposition; The Santa Maria, 10 Wheat., 431; Roberts v. Cooper, 20 How., 467; Tyler v. Magwire, 17 Wall., 253; The Lady Pike, 96 U. S., 461; Wayne County Supervisors v. Kennicott, 94 U. S., 498; Stewart v. Salamon, 97 U. S., 361; Re Sanford Fork and Tool Co., 160 U. S., 247; Sweet v. W. Chicago Park Com., 177 Ill., 492; Dempster v. People, 183 Ill., 321, and authorities there cited; National Bank v. Hines, 187 Ill., 109; Railway Co. v. Noftsker, 60 N. E. Rep., 373; City of Logansport v. Humphrey, 105 Ind., 146; Railway Co. v. Reed, 83 Ind., 9; Board of Directors Ch. Theol. Sem. v. People, 59 N. E. Rep., 981; Cook v. Richeson, 115 Ill., 431; Anheuser-Busch v. Haier, 85 N. W. Rep., 832; Smith v. Neff, 123 Ill., 314; Railway Co. v. Zehner, 62 N. E. Rep., 508.

The deed from Mary A. Tinsley to John T. Brady, dated October 21, 1881, was not sufficient to pass to John T. Brady the undivided interest of Charles A. Tinsley and Isaac Henderson Tinsley in the land therein described; because, first, the trustee's power to sell the stock ceased when said stock was canceled and the partnership property divided among the joint owners and converted into real estate, and at the date of said deed she had no power or authority to execute the same. Second, because the trustee in no manner attempted to convey any interest in the land as such trustee, and her conveyance in no manner referring to her powers as trustee, and there being nothing to show that she attempted to act in her capacity as trustee, and she being at the time the owner of an undivided interest in said property, the only effect that could be given said instrument would be to convey to her vendee the undivided interest in such property.

On the first proposition that the trust was at an end and the trustee had no power to execute a deed, see: Pomeroy's Eq. Jur., 2 ed., sec. 991; Perry on Trusts, sec. 351; 18 Am. and Eng. Enc. of Law, 998; Fritsch v. Klausing, 13 S. W. Rep., 241; Fountain v. Ravenel, 17 How. (U. S.), 369; Smith v. Taylor, 21 Ill., 296; Devereaux v. Dunn, 2 Ired. Eq., 206; Sharpten v. Tillou, 3 Cow., 651; Hetzel v. Barber, 69 N. Y., 1; Hoffman v. Hoffman, 66 Md., 568; Wilkinson v. Buist, 124 Pa. St., 253; Fidler v. Lash, 125 Pa. St., 87; Parrott v. Dyer, 31 S. E. Rep., 417. Power to sell, conferred upon trustee, must be strictly pursued, otherwise no title will pass. Ryan v. Porter, 61 Texas, 113.

On the second proposition, see the following authorities: Hill v. Conrad, 91 Texas, 341; Perry on Trusts, 4 ed., sec. 511c, and authorities there cited; 2 Story Eq. Jur., sec. 1062a; Patterson v. Wilson, 64 Md., 193; Yates v. Clark, 56 Miss., 212; Andrews v. Brumfield, 32 Miss., 107; Willard v. Ware, 10 Allen, 263; Amory v. Meredith, 7 Allen, 397; Pease v. Iron Co., 49 Mo., 124; Bangs v. Smith, 98 Mass., 270; Funk v. Eggleston, 92 Ill., 515; South v. South, 91 Ind., 221; Jay v. Stein, 49 Ala., 514; Matthews v. McDade, 72 Ala., 378.

If all the words of a deed or will can have an effect given to them, and an operation upon property or rights without being taken as the execution of the power, they will not be an execution of such power. 2 Perry on Trusts, 4 ed., sec. 511c, p. 46; Bingham's Appeal, 64 Pa. St., 350; Towle v. Ewing, 23 Wis., 336; Griswold v. Bigelow, 6 Conn., 258; Johnson v. Stanton, 30 Conn., 297; Mory v. Michael, 18 Md., 227.

Mary A. Tinsley, being the owner of an undivided interest of 12 acres in the tract of 109 acres, was a cotenant with Charles Tinsley, Isaac Henderson Tinsley and John Tinsley Brady, Jr., and her deed, though it attempted to convey the entire land, only passed title to her individual interest. Gardner v. Stell, 34 Texas, 563; 11 Am. and Eng. Enc. of Law, 1090.

The plaintiff's cause of action was not barred by limitations or laches for the reason: 1. Because the plaintiffs held title to said land, and there could be no three years limitation or stale demand in this case, and the proof failed to show five or ten years limitation and five years was not plead. 2. Because Mary A. Tinsley was an express trustee, and limitations would not run against such a trust as was created by the deed from her husband to herself. Pom. Eq. Jur., 2 ed., 1005, note 1, p. 487, also secs. 418, 419; Perry on Trusts, secs. 24 and 346; 27 Am. and Eng. Enc. of Law, 6, 25, 74, 80; Smith v. McElyea, 68 Texas, 78; McMillan v. Baker, 85 N. C., 291; Baldwin v. Baldwin, 76 Va., 345; see also the authorities cited under our last proposition, and the following authorities: Sanger Bros. v. Moody, 60 Texas, 100; Story's Eq., 1127; Perry on Trusts, secs. 790-794; Curd v. Feld, 45 S. W. Rep., 92.

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the First District, as follows:

"This was an action by Charles Tinsley and others against the Magnolia Park Company for the recovery of an undivided interest in 109 acres of land situated in Harris County. The plaintiffs pleaded the facts constituting their title to the land and prayed in the alternative, if they could not recover against the Magnolia Park Company, who claimed to be an innocent purchaser thereof, for judgment against the devisees of John T. Brady, who was the remote vendor of said company, and whose devisees had been made parties to the suit. The cause was submitted to a jury upon special issues, and upon the answers of the jury judgment was entered in favor of the plaintiffs for an undivided interest of 64 2-3 acres in the land and commissioners were appointed to partition the same. This is the second appeal in this case. The first was from a judgment in favor of the defendants, when the cause was transferred by the Supreme Court from this court to the Court of Civil Appeals for the Third District, at Austin. That court reversed the judgment of the court below with an opinion which will be found reported in 59 S. W. Rep., 629.

"1. By deed of April 18, 1866, Robert Lockhart and others conveyed to J. T. Brady 2000 acres of land of which that in controversy is a part. One-half of the purchase money was paid in cash and the balance was evidenced by several promissory notes for the payment of which a vendor's lien was reserved in the deed.

"2. By instrument of date December 27, 1866, Brady conveyed said tract of land above mentioned to W. P. Hamblen. The purpose of this deed is shown by the following extracts from it:

"'Now be it known that this conveyance is made in trust for the objects and purposes set forth as follows, viz:

"'Whereas the said I. T. Tinsley and associates, for himself and for such other persons as he may associate with him as stockholders in the stock company hereafter described, have purchased said lands and premises hereafter described for the purpose of laying off and subdividing same into blocks, lots and squares, avenues and roads, at his and their option, in such manner as to be suitable for a townsite to be called and known by the name of New Houston, to be owned and enjoyed as such or any other purpose by the said Tinsley, his associates, successors or assigns, in the manner and form of a stock company on the following basis:

"'First, the name and style of said company shall be the New Houston City Company:

"'Second, the capital stock of the said company shall be one million ($1,000,000) dollars, divided into shares of one hundred ($100) dollars each; all stock certificates shall be signed by the president and countersigned by the secretary of said company, which shall be transferable by assignment made by the owner of the same or by his authority, in such manner as the by-laws of the said company may provide:

"'Third, that the business of said company and the affairs thereof shall be managed and controlled by a board of not less than three (3) nor more than seven (7) directors who shall be elected by the stockholders. * * * The said W. P. Hamblen, as trustee aforesaid, shall hold and convey the hereinbefore described land for the uses and benefits of the stockholders of said company, and to that end the said trustee is authorized and empowered, for the said use and benefit, to sell, lease and mortgage all or any part of said land and premises. * * * .'

"This instrument was filed for record January 3, 1867.

"3. After the conveyance to Hamblen and the record thereof suit was brought by the holders of the vendor's lien notes, some of the notes having passed into the hands of third parties, against J. T. Brady for recovery thereon with foreclosure of lien. Brady alone was made defendant, and neither Hamblen nor I. T. Tinsley and associates nor any of the beneficiaries in the trust were parties to the suit. Judgment was rendered against J. T. Brady for the amount of the notes and foreclosing the lien on November 28, 1868, in the District Court of

Harris County in favor of the holders thereof, two of them being vendors of the land and the others parties to whom notes had been transferred. The land was sold by virtue of an order of sale issued upon said judgment and was bought by the Young Men's Mutual Real Estate and Building Association for the sum of $19,500, and the deed from the sheriff to said association was duly executed and recorded.

"4. Suit was brought in the Circuit Court of the United States by Isaac T. Tinsley and other stockholders of the New Houston Company against the Young Men's Mutual Real Estate and Building Association to set aside the sale and the sheriff's deed. This suit was compromised September 9, 1873, by each party taking an undivided one-half interest in the land, and deeds were exchanged. The deed executed by the Young Men's Mutual Real Estate and Building Association to the stockholders of the New Houston City Company contained the following:

"'Whereas the said compromise and settlement was made evident by a certain decree entered in said cause, the said appeal being first withdrawn, and also by a certain agreement and conveyance of this date between Isaac T. Tinsley, William Brady, John T. Brady, Simon Mussina, William P. Hamblen, John Duncan, George Williams and N. P. Turner as stockholders in said New Houston City Company, and O. K. King & Co., complainant, and W. C. Watts as intervener in said suit: Now therefore, in consideration of said compromise and settlement so made and evidenced by said decree and by said agreement and conveyance, each of which are to be taken as part of this deed for explanation, the Young Men's Mutual Real Estate and Building Association acting through its proper officers and under its corporate seal, has granted, bargained, sold, aliened and conveyed, and by this instrument doth grant, bargain, sell, alien and convey unto the said stockholders of the said New Houston City Company, and to their respective heirs and assigns, the following described land and premises, to wit: One-half of that certain tract of land, etc., * * * known as New Houston and so mapped and recorded, * * * to have and to hold one undivided one-half of said land until the same is hereafter partitioned and divided in the manner pointed out in said decree and in said agreement and conveyance hereinbefore referred to, and made a part hereof, the said Y. M. M. R. E. and B. Association retaining the other undivided one-half of said land until the same is divided, * * * to have and to hold the same unto the said stockholders of the New Houston City Company, their heirs and assigns, to their own proper use and behalf.'

"5. On March 18, 1874, Isaac T. Tinsley died leaving surviving him his wife, Mary A. Tinsley, and their seven children, Joseph M., Charles A., Samuel P., Isaac Henderson and William E. Tinsley and Callie T. wife of John T. Brady, and Annie wife of Thos. H. Westall, but who after the death of her then husband became the wife of Abraham Cross. Isaac T. Tinsley was the owner of a large estate, including

1700 shares of the stock of the New Houston City Company. On the day before his death he settled with his wife for her community interest in this estate, and dividing his part thereof he conveyed to each of his children a portion. This disposed of all but a small part including the above mentioned stock and in disposing of this remainder he executed the following instrument:

" 'State of Texas, County of Brazoria. Know all men by these presents, that I, Isaac T. Tinsley, for and in consideration of a natural love and affection I have for my wife, Mary A. Tinsley, and my children, viz., Joseph M. Tinsley, Charles A. Tinsley, Samuel P. Tinsley, Isaac H. Tinsley, Callie T. Brady, wife of J. T. Brady, Annie E. Westall, wife of Thomas H. Westall, and William E. Tinsley, do grant, bargain, and sell, release and convey, and by these presents have granted, sold, released and conveyed unto the said Mary A. Tinsley the following described property, viz:

" 'The eastern half of lot 7, in block 16, in the city of Houston, with the building and improvements thereon, the same fronting twenty-five feet on Commerce street and running back 100 feet.

" 'One share of stock standing in my name in the Young Men's Real Estate and Building Association.

" 'And twenty-one shares of stock in my name in the Houston Gas Light Company. Also 1700 shares of stock in the New Houston City Company. To have and to hold the above mentioned and described property unto my said wife, Mary A. Tinsley, her heirs and assigns forever, in trust, however, for my said children. The said Mary A. Tinsley is hereby authorized to manage, rent, lease and sell any or all of said property, the rents, reserves and proceeds of sale of any or all of said property to be divided by her equally among my said children. Given under my hand, this, the 18th day of March, 1874. I. T. Tinsley. Witnesses J. T. Brady, T. H. Westall.'

"This instrument was proved for record by J. T. Brady as a subscribing witness on March 21, 1874, and was duly recorded May 5, 1874, in vol. 13, p. 263, of the records of deeds of Harris County.

"6. On March 18, 1874, by a deed reciting a consideration of $1500, J. M. Tinsley, one of the seven children of Isaac T. Tinsley, conveyed to his mother, Mary A. Tinsley, all of his interest in 'all the property mentioned and described in the deed executed by Isaac T. Tinsley to Mary A. Tinsley, in trust for certain purposes therein mentioned, and dated March 18, 1874, and recorded in Harris County record of deeds, vol. 13, page. 263.'

"7. In 1880, John T. Brady as attorney for Mary A. Tinsley brought a suit in the District Court of Harris County styled No. 10,189, Mary A. Tinsley v. Young Men's Mutual Real Estate and Building Association et al., for partition of the land of the New Houston City Company. The suit was brought against the Young Men's Mutual Real Estate and Building Association and unknown owners, and E. P. Hamblen, Esq., was appointed by the court to represent the latter as attorney

ad litem. C. W. Watts, Ed Butler, J. T. and Wm. Brady, W. P. Hamblen, N. P. Turner and John Duncan either intervened or were brought in as parties. On April 10, 1880, a decree of partition was rendered which recited that the unknown defendants were represented by E. P. Hamblen, Esq., 'an attorney of this court appointed by the court at a former day to represent the unknown owners.' The decree adjudged the interests of the several parties in the land, giving to Mary A. Tinsley a share thereof amounting to 209 acres, and a share thereof amounting to 267 acres was adjudged to the unknown defendants. Commissioners were appointed to make partition and their report was confirmed by the court. The decree of confirmation recited that the commissioners were appointed to partition the land in controversy among the parties to the suit and the unknown defendants, and among other things adjudged—

" 'That the part or parcels so set apart to each of said parties respectively in said report be vested in said party to whom it is so set apart, and be divested out of all the other parties to this suit, including the unknown defendants, and the part or portions so set aside to the unknown defendants, or the owners of the unknown shares or certificates of stock in the New Houston City Company, is vested in such unknown parties, and divested out of the other parties to this suit.'

"In making the partition the share of Mary A. Tinsley was set apart to her in two tracts, one containing 100 acres and the other containing 109 acres.

"8. The partition suit was brought at the instance of and with the knowledge and approbation of the beneficiaries in the trust deed, and in bringing the suit Mary A. Tinsley represented them. Within a short time after the decree of partition had been confirmed the children of Isaac T. Tinsley and their mother Mary A. Tinsley, who owned the share of Joseph M. Tinsley, agreed on a partition between themselves of the two tracts of land set apart by the decree to Mary A. Tinsley. John T. Brady was present and participated in this partition. By this partition S. P. Tinsley, William E. Tinsley, and Annie Cross, formerly Westall, were each to receive specific shares of 28 acres out of the 100-acre tract as their shares, and Mary A. Tinsley was to get the remaining 16 acres thereof as a part of the share conveyed to her by Joseph M. Tinsley, the remaining 12 acres of her share she was to receive out of the 109-acre tract as an undivided interest thereof. Charles A. Tinsley, Isaac Henderson Tinsley and John T. Brady, Jr., he being the only surviving heir of his mother Callie T. Brady, who died January 23, 1879, were each to have their undivided equal interests in the remainder of the 109-acre tract, being 32 1-3 acres each. The specific interests of the parties in the 100-acre tract were conveyed by Mary A. Tinsley as agreed by deeds executed in 1881 which were duly acknowledged and recorded; and she conveyed in the same year to George Herman the 16 acres reserved for herself by a deed duly acknowledged and recorded. By a deed dated October 21, 1881, recorded November 5, 1881, Mary A. Tinsley con-

veyed to John T. Brady as trustee for his son John T. Brady, Jr., a specific tract of 28 acres out of the 109-acre tract described by metes and bounds; and on the same day by deed recorded also November 5, 1881, she also conveyed to John T. Brady all of the remainder of said tract of 109 acres of land for a recited consideration of $730. It thus appears that Charles Tinsley and Isaac Henderson Tinsley were the only ones of the seven children whose shares in the land were not specifically conveyed and set apart to them. The partition deeds referred by recitals to the original deed of trust. The fair market value of the land at the date of sale to John T. Brady was $10 an acre, but there was no evidence except the recital in the deed that Brady ever paid the purchase money, $730. At the time of the conveyance Isaac Henderson Tinsley was of unsound mind, but was not so when the partition was agreed on. The jury found that Mary A. Tinsley intended to convey the interests of Charles A. Tinsley and Isaac Henderson Tinsley in the land to John T. Brady in trust for them, and did so to protect the interest of Charles A. Tinsley from his creditors who were threatening it.

"9. By mesne conveyances from John T. Brady the Magnolia Park Company is the purchaser of the land in controversy and paid therefor a valuable consideration, without notice other than such constructive notice as it may have had by reason of the facts above recited.

"10. In deciding the case upon the former appeal the Court of Civil Appeals for the Third District, as will appear from the opinion of said court which is hereby referred to, held that the authority of Mary A. Tinsley as trustee in the conveyance from Isaac T. Tinsley to her was terminated by the partition suit in which land was set apart to her; that the legal title to the land was vested in the heirs of Isaac T. Tinsley, who held the senior recorded title; that the Magnolia Park Company bought with constructive notice of such title; that the plaintiffs' claim was not barred by laches or limitations; and that they were entitled to recover the land, and the judgment was reversed. Because the jury had not found the number of acres to which the plaintiffs were entitled the cause was remanded for another trial in accordance with the opinion of the court. The appellee did not make a motion for rehearing or apply for a writ of error.

"The following questions are certified to the Supreme Court for decision:

"1. Were the defendants estopped by the judgment of the Court of Civil Appeals on the former appeal?

"2. If the Supreme Court should be of the opinion that the defendants were not so estopped, the following additional questions are certified:

"First. Whether, upon the facts appearing, there was not vested in Mary A. Tinsley, at the time of her deed in evidence to John T. Brady, such legal title to the land thereby conveyed, or at least such character of title, as enabled a remote purchaser, such as Magnolia Park Com-

pany, for valuable consideration, in good faith and without actual notice, to invoke protection as an innocent purchaser?

"Second. Whether, upon the facts appearing, the trust power of sale vested in Mary A. Tinsley was terminated as to the land interests of the beneficiaries, Charles Tinsley and Isaac Henderson Tinsley, or remained in force and was validly exercised by her deed of sale in evidence to John T. Brady, she intending thereby to sell and convey such interests, as found by the jury's special verdict?

"Third. Whether, upon the facts appearing, the plaintiff's below were precluded of relief, through their laches, on account of the staleness of their claim or by reason of limitation either or both?"

We answer the first question in the negative. Upon the former appeal the Court of Civil Appeals for the Third Supreme Judicial District did not render judgment declaring the rights of the parties, but said: "The record is not in such condition as will authorize this court to render judgment." That court decided a question of law which is involved in this appeal, but the decision does not bind the Court of Civil Appeals or this court on this appeal. Kempner v. Huddleston, 90 Texas, 184.

To the question No. 1, based upon the answer to the previous question, we reply, Mary A. Tinsley had authority to sell the land and her deed to Brady passed the title thereto. The shares of stock in the joint stock association, called the New Houston City Company, represented the interest of Isaac T. Tinsley in the land owned by the company. By securing partition of the company's land by which the interest of I. T. Tinsley was allotted to her, Mary A. Tinsley converted the stock into real estate and held the land under the same trust that attached to the stock. She had the same authority over the land that she had over the shares of stock, the land in her hands being charged with the trust that attached to the stock under the deed to her from Isaac T. Tinsley. Mortgage Co. v. Massie, 94 Texas, 342; Durkee v. Stringham, 8 Wis., 124.

To the second question we answer, the legal title to the land with the power of disposition being vested in Mary A. Tinsley, her deed to Brady was within the scope of her authority as trustee, and a subsequent purchaser in good faith for value without notice would be protected against the secret trust in favor of Charles A., and Isaac Henderson Tinsley.

Having answered that the sale of the land by Mary A. Tinsley passed the title, the question as to stale demand and limitation propounded in the third question becomes immaterial and will not be answered.