MAGNOLIA PARK COMPANY ET AL. V. CHARLES TINSLEY ET AL.

Decided May 14, 1903.

**1.—Partition—Trust—Certified Question.**
The questions in this case were certified to the Supreme Court, and judgment is here rendered in accordance with its opinion. See 96 Texas, 364.

**2.—Same—Fact Case.**
Facts in an action of partition considered and held to warrant a judgment for plaintiffs, as innocent purchasers, for only one-half of a given tract of land charged with a trust.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Ewing & Ring,* for appellants.

*Jacob C. Baldwin* and *Rowe & Rowe,* for appellees.

GARRETT, CHIEF JUSTICE.—The questions in this case were certified to the Supreme Court and were answered in an opinion delivered by that court March 26, 1903. 96 Texas, 364. The answers of the Supreme Court require a reversal of the judgment of the court below, and it appearing from the undisputed facts that the plaintiffs Chas. Tinsley and the heirs of Isaac Henderson Tinsley were not entitled to recover of the defendant Magnolia Park Company the land sued for, judgment will be here rendered in favor of said defendant.

*Reversed and rendered.*

### ON FURTHER HEARING.

In disposing of this case at our session on last Thursday in accordance with the answers of the Supreme Court to the certified questions,

we failed to pass upon the question of the right of the plaintiffs to recover against the defendants who are the heirs of John T. Brady, Jr., and the heirs and devisees of John T. Brady.

As stated in the certificate, 28 acres of the 109-acre tract set apart to Mary Tinsley and put in controversy by the suit of the plaintiffs, was conveyed by Mary A. Tinsley to John T. Brady, as trustee for his son, John T. Brady, Jr.; it was taken from the west side of the tract. The remainder of the tract, which was conveyed by Mary A. Tinsley to John T. Brady, containing 81 acres, was afterwards partitioned between John T. Brady and Lucy Sherman Brady and Sidney Sherman Brady, the children of his deceased wife, Lennie S. Brady, as community property of the said John T. Brady and the said Lennie S. Brady, and 65½ acres thereof was set apart to the said John T. Brady and 15½ acres was set apart to the said Lucy Sherman Brady and Sidney Sherman Brady. The partition was made by the District Court of Harris County in cause No. 13,366, John T. Brady v. L. S. and S. S. Brady, and included other property.

The commissioners who partitioned this land allotted to J. T. Brady 65½ acres of said 81-acre tract, which is taken off of the east side of said tract, and is described by metes and bounds, and there is allotted to L. S. and S. S. Brady 15½ acres out of said 81-acre tract, beginning on the division line of said 81-acre tract and the 28-acre tract belonging to J. T. Brady, Jr., said point of beginning being 348 feet from Buffalo Bayou; thence running east 413½ feet; thence south 1633 feet to the division line of said tract and the E. S. Butler tract; thence west on said line 413½ feet to the line of said J. T. Brady, Jr., tract of 28 acres; thence north of said line 1633 feet to the place of beginning, and the remainder of said 81 acres was allotted to J. T. Brady.

The 65½ acres set apart to John T. Brady was conveyed by him to the Houston Land and Trust Company, as trustee for the Port Houston Land Improvement Company, as part of a tract of 1374 acres, and was acquired through mesne conveyances by the defendant Magnolia Park Company. The 81 acres conveyed by Mary A. Tinsley to John T. Brady included the balance of her share and the shares of Charles Tinsley and Isaac Henderson Tinsley, and the jury found, on special issues submitted, that the conveyance as to the shares of Charles and Isaac Tinsley was made in trust for them. We think the facts of the case justify this conclusion.

The Magnolia Park Company, as an innocent purchaser for value, acquired title to the tract of 65½ acres, and as to it should have judgment. As the heirs of John T. Brady, Jr., the defendants Lucy Sherman Brady, Sidney Sherman Brady and Mary Etta Brady acquired title to the tract of 28 acres conveyed by Mary A. Tinsley to John T. Brady for the use of John T. Brady, Jr., as his share of the lands set apart to Mary A. Tinsley in lieu of the stock in the New Houston City Company, and are entitled to judgment therefor. The tract of 15½

acres set apart to Lucy S. and Sidney S. Brady in the partition between John T. Brady and his deceased wife Lennie S. Brady was received by them charged with the trust in favor of the plaintiffs, but as Mary A. Tinsley owned an absolute interest in the 81 acres conveyed by her to John T. Brady, amounting to the difference between the entire tract and the shares of the plaintiffs which were found to be 64 2-3 acres, to wit, 16 1-3 acres, which more than covers the 15½ acres, the heirs of Lennie S. Brady would take her share of the community unaffected by such trust. The jury found the interest of Charles Tinsley, Isaac H. Tinsley and John T. Brady, Jr., in the 109 acres to be 32 1-3 acres each, which would leave only 12 acres to Mary A. Tinsley, but as she conveyed only 28 acres of the land in full of John T. Brady, Jr.'s, interest, we must suppose that the difference in acreage was accounted for in the quality of the land, as she was invested with the legal title, and had the right to make partition. There would still be a question perhaps of division between the share of Mary A. Tinsley and those of the plaintiffs, but the number of acres that she received from the 100-acre tract and the balance to her in the 109 acres would still amount to less in acreage than the difference between the shares of the plaintiffs and the entire tract conveyed by her to Brady. So we conclude that the interest in the 109 acres of Mary A. Tinsley, as the owner of one of the shares, does not amount to less than the 15½ acres, and that the title to this amount at least became vested in the community estate of John T. and Lennie S. Brady, unaffected by the trust in favor of plaintiffs, except as to the community share of John T. Brady, which equity would require to be substituted in the place of the land really charged with it and conveyed by him and acquired by the Magnolia Park Company discharged of it. The plaintiffs, therefore, would be entitled to recover an undivided one-half of the tract of 15½ acres, and for the other half of said tract the defendants Lucy Sherman Brady and Sidney Sherman Brady should have judgment. The judgment heretofore entered by this court is set aside of the court's own motion, and judgment will be here rendered in accordance with the above conclusions.

*Reversed and rendered.*

### ON MOTION FOR ADDITIONAL CONCLUSIONS.

The appellees have filed a motion for additional conclusions of fact, and specify a number of points on which they desire such conclusions. Several of the particulars upon which they ask for conclusions are of matters that appear from the record as of the facts appertaining to the motion to dismiss the appeal. Counsel may present such facts to the Supreme Court in their application for a writ of error, should they make one, without its being necessary for this court to gather such facts for them from the record. There are other particulars which are either included in the conclusions heretofore filed or upon which this court

does not think it would be material to make conclusions. But the following facts are found supplemental to those included in the conclusions heretofore filed. We refer to the statement made for the Supreme Court on the certified questions and to the facts found in our disposition of the case on May 21, 1903, as conclusions heretofore filed.

1. The jury in the court below, upon the submission to them of special issues, found that the 209 acres was awarded in the partition to Mary A. Tinsley in lieu of the 1700 shares of stock conveyed to her in trust by Isaac T. Tinsley for the benefit of his heirs; that the said Mary A. Tinsley so held the land in trust and at all times recognized the beneficial interest of the parties mentioned in the deed.

2. The consideration of the deed from John T. Brady to the Port Houston Land and Improvement Company, as found by the jury, was bonds and stock of said company, to wit, 260 bonds of $1000 each, and 2500 shares of stock; that at the time of his death Brady owned about one-half of the bonds of said company; and that Magnolia Park Company issued to the heirs of Brady stock and bonds in lieu thereof; and that the heirs of Brady still own the same, and inherited from their father that and other property all amounting to $200,000, which is in the hands of their guardian.

3. At the date of the deed from Mary A. Tinsley to John T. Brady, to wit, October 2, 1881, as stated in the certificate, Isaac Henderson Tinsley was of unsound mind. He continued so until his death, March 19, 1882; when he died he left surviving him his wife, Louisa Tinsley, and two children, to wit, Mamie and Henderson, both of whom were under age when this suit was brought.

Isaac Henderson Tinsley never knew of the conveyance to Brady, or that he was claiming the land. The jury found that the land was worth at the time of the trial in the court below $200 an acre. The deed executed by Mary A. Tinsley to John T. Brady did not purport to have been executed by her as trustee, and did not disclose that she intended to act in any other than an individual capacity.

Writ of error refused.