**LEACH et al. v. MICHIGAN REALTY CO.**

No. 13406.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 25, 1936.

Rehearing Denied Oct. 30, 1936.

Smoot & Smoot, of Wichita Falls, for appellants.

R. E. Buck, of Fort Worth, for appellee.

BROWN, Justice.

This is a suit for debt and foreclosure of a deed of trust lien on certain improved real estate in Wichita county.

The cause was before this court on a prior appeal and the opinion appears in Leach v. Reserve Realty Co., 70 S.W.(2d) 273.

We held that the notes were tainted with usury and the cause was remanded to the trial court.

Our conclusions were based on the language used in the two notes brought to our attention and on the record as then presented.

Having then held that, under the record as presented, the notes were usurious, the contention is here made that the issue of usury was settled on the former appeal. Since the first trial, the debt and lien were sold to appellee Michigan Realty Company, and when the cause came up for the second trial, said appellee intervened in the suit.

Appellants pleaded limitation, usury, the right to certain credits, and other matters not necessary to mention.

The cause was tried to a jury, and the following facts were found under special issues: (1) That the mortgage company de-

clared the whole debt due, in March, 1931; (2) that the mortgage company is indebted to Leach; (3) such indebtedness is $196; (4) that an agent of the mortgage company contracted with Leach for the repairing of nine houses, the consideration to be applied on the debt; (5) that Leach would have made $200 profit, on the work contracted for.

The trial court rendered judgment for appellee on the debt, gave appellants credit for the sums found by the jury, and foreclosed the lien as against all parties litigant, in favor of appellee.

The appeal is taken by the defendants Leach and wife, and the propositions presented are: (1) The former opinion holding the notes usurious is conclusive; (2) the notes are tainted with usury; (3) the judgment is excessive because the trial court permitted appellee to recover interest, and did not apply the payments made to the discharge of the principal; (4) the cause of action asserted by appellee, in its plea of intervention, is barred by limitation; (5) appellee failed to make out a case in its behalf.

The two notes executed by appellants are as follows:

"Note No. 1

"Sixty Three      (63) Month Loan
"Monthly Payments (All Notes) for Each $1,000 of Loan $11.30 Each Month for 63 Months

"First Lien Note
"Secured by First Deed of Trust
"Loan No. WI–38      Original Principal
(Notes 1 & 2) $3,200.00.
"Louisville, Ky., Jan. 1, 1929.

"On the first day of February, 1929, and on the first day of each and every month thereafter, we and each of us promise to pay to the order of the Franklin Bond and Mortgage Company of Louisville, Kentucky, Sixteen & No/100 Dollars ($16.00) each month for Twenty Four (24) months in succession after the date of this note and Thirty Six & 16/100 Dollars ($36.16) each month for Thirty Nine (39) months in further succession, and Two Thousand Three Hundred Thirty Nine & 33/100 Dollars ($2,339.33) on the first day of the Sixty Third (63d) month from the date of this note, in Gold Coin of the United States of the present value, weight and fineness, value received, negotiable and payable at the principal office of the Franklin Title and Trust Company at Louisville, Kentucky, or at Fort Worth, Tarrant County, Texas, at the option of the owner, or holder of this note.

"This Note is secured by First Deed of Trust, of the same Loan Number as this Note, on real estate, located and known as Lot No. 4, in Block No. 53–A, Highland Addition to the City of Wichita Falls, Wichita County, Texas, to which Deed of Trust reference is hereby made, and we and each of us hereby agree to pay all expenses incurred, including attorneys' fees of 10% of the amount of principal and interest hereof, if placed in the hands of an attorney or attorneys for collection, or if collected through probate, bankruptcy or other judicial proceedings.

"It is expressly agreed and understood that all the notes herein referred to are all secured by the same First Deed of Trust and that the monthly payments called for by each and every such Note are to be credited as paid in accordance with the terms of each and every Note, respectively, but it is expressly provided that upon default in the punctual payment of any of the payments due on any one, or more, of the Notes secured by the said First Deed of Trust, or upon default in the payment of any of the taxes, insurance premiums, or in any of the payments, terms, agreements, conditions, covenants, provisions, stipulations, or anything else called for, or provided for, in said Deed of Trust, or in any of said Notes, then there shall be due on this loan not only the principal as therein set out but also said principal shall bear interest at the rate of 10% per annum from date until paid such total amount of principal and interest being, subject, however, to credit, or credits, if any, for all payments made thereon as of the dates they, or any of them, were actually made at the place, or places, same were due in accordance with the terms of said Notes, respectively and if any such default of any kind shall exist for as much as 20 days at any time (whether prior default, or defaults, shall have occurred, or not), then the entire said principal and said interest thus due, shall be immediately overdue and payable, and the loan shall be in default, at the option of the owner, or holder, of this Note, or of any of the owners, or holders, of any of the Notes secured by said Deed of Trust, and all such sums so due shall be due and payable on the First Lien Note, except that if there shall be a Coupon Interest Note, secured by said First Deed of Trust, then, and in any such event, the amounts called for in said Coupon Interest Note shall be due on said last named

Note, but, subject however, to the Priority of the said amounts due on said First Lien Note, but it is expressly provided that the monthly payments unpaid but accrued on said Coupon Interest Note, if any, up to the time of payment shall be subtracted from the total amounts due to determine the amount for which there shall be a lien to secure said First Lien Note, the amount so subtracted being secured by a Lien under the terms of said Coupon Interest Note.

"In the event of any of the defaults referred to herein all of the monthly payments set out in the said Coupon Interest Note, which remain unpaid, shall become immediately due and payable, and said total amount shall immediately bear interest at the rate of 10% per annum from time of first default until paid, but the amount for which said Coupon Interest Note shall have a lien shall be as hereinbefore stated.

"The transaction giving rise to this note and the consideration thereof is a loan made to the makers of this note on First Deed of Trust for Three Thousand Two Hundred & No/100 Dollars ($3,200.00), of the same Loan Number as this Note, said Loan being evidenced also by Two notes having Priority as therein stated.

"It is understood that this note is secured by a Lien, First in Priority, under said First Deed of Trust.
              "Alma Leach
              "William L. Leach
"2907 Cumberland Street.
"Wichita Falls, Texas.
"Louisville National Bank & Trust Company.
"Franklin Bond & Mortgage Company
"By G. H. Bowley   Assistant Manager
"2/29, 1932 Interest Paid to Date
"2/29, 1932 Principal Paid to Date $329.95."

              "Note No. 2
    "Sixty Three        (63) Month Loan
"Monthly Payments (All Notes) For Each $1,000 of Loan $11.30 Each Month for 63 Months
          "Subordinate Lien Note
       "Secured by First Deed of Trust
"Loan No. WI–38        Original Principal
              (Notes 1 & 2) $3,200.00
        "Louisville, Ky., Jan. 1, 1929.

"On the first day of February, 1929, and on the first day of each and every month thereafter, we and each of us promise to pay to the order of the Franklin Bond and Mortgage Company of Louisville, Kentucky, Twenty & 16/100 Dollars ($20.16) each month for Twenty Four (24) months in

succession after the date of this note and No Dollars ($No) each month for No (No) months in further succession, in Gold Coin of the United States of the present value, weight and fineness, value received, negotiable and payable at the principal office of the Franklin Title and Trust Company at Louisville, Kentucky, or at Fort Worth, Tarrant County, Texas, at the option of the owner, or holder of this note.

"This Note is secured by First Deed of Trust, of the same Loan Number as this Note, on real estate, located and known as Lot Number Four (4), in Block Number Fifty-Three A (53–A) Highland Addition to the City of Wichita Falls, Wichita County, Texas, to which Deed of Trust reference is hereby made, and we and each of us hereby agree to pay all expenses incurred, including attorneys' fees of 10% of the amount of principal and interest hereof, if placed in the hands of an attorney or attorneys for collection, or if collected through probate, bankruptcy or other judicial proceedings.

"It is expressly agreed and understood that all the Notes herein referred to are all secured by the same First Deed of Trust and that the monthly payments called for by each and every such Note are to be credited as paid in accordance with the terms of each and every Note, respectively, but it is expressly provided that upon default in the punctual payment of any of the payments due on any one, or more, of the Notes secured by the said First Deed of Trust, or upon default in the payment of any of the taxes, insurance premiums, or in any of the payments, terms, agreements, conditions, covenants, provisions, stipulations, or anything else called for, or provided for, in said Deed of Trust, or in any of said Notes, then there shall be due on this loan not only the principal as therein set out but also said principal shall bear interest at the rate of 10% per annum from date until paid such total amount of principal and interest being subject, however, to credit, or credits, if any, for all payments made thereon as of the dates they or any of them, were actually made at the place, or places, same were due in accordance with the terms of said Notes, respectively, and if any such default of any kind shall exist for as much as 20 days at any time (whether prior default, or defaults, shall have occurred, or not), then the entire said principal and said interest thus due, shall be immediately overdue and payable, and the loan shall be in default, at the option of the owner, or holder, of this Note, or of any of the owners, or holders,

of any of the Notes secured by said Deed of Trust, and all such sums so due shall be due and payable on the First Lien Note, except that if there shall be a Coupon Interest Note secured by said First Deed of Trust, then, and in any such event, the amounts called for in said Coupon Interest Note shall be due on said last named Note, but, subject however, to the Priority of the said amounts due on said First Lien Note, but it is expressly provided that the monthly payments unpaid but accrued on said Coupon Interest Note, if any, up to the time of payment shall be subtracted from the total amounts due to determine the amount for which there shall be a Lien to secure said First Lien Note, the amount so subtracted being secured by a Lien under the terms of said Coupon Interest Note.

"In the event of any of the defaults referred to herein all of the monthly payments set out in the said Coupon Interest Note, which remain unpaid, shall become immediately due and payable, and said total amount shall immediately bear interest at the rate of 10% per annum from time of first default until paid, but the amount for which said Coupon Interest Note shall have a lien shall be as hereinbefore stated.

"The transaction giving rise to this note and the consideration thereof is a loan made to the makers of this note on First Deed of Trust for Three Thousand Two Hundred & No/100 Dollars ($3,200.00), of the same Loan Number as this Note, said Loan being evidenced also by Two notes having Priority as therein stated.

"It is understood that this note is secured by a First Lien, second in Priority, under the said First Deed of Trust.

"[Rubber Stamped]   Alma Leach
"Accounting Loan   William L. Leach
   No. F W 700
"2907 Cumberland Street,
"Wichita Falls, Texas."

1. The proposition urging the finality of the former finding by this court of usury is not well taken. See Magnolia Park Co. v. Tinsley, 96 Tex. 364, 73 S.W. 5.

2. The record as now presented discloses that no coupon note was executed by appellants: The two notes copied above represent the entire debt.

Tested by the holding of the Commission of Appeals in Braniff Investment Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45, 100 A.L.R. 1421, the contract is not tainted with usury. The actual interest provided for is less than 10 per cent.

3. The judgment of the trial court permitting the recovery of interest is not excessive.

4. Appellee's cause of action is not barred by limitation. Russell v. People's National Bank of Belton et al. (Tex.Civ. App.) 2 S.W.(2d) 961 (writ refused).

5. Appellee introduced in evidence a written assignment to it of the debt and lien. Title and ownership was definitely established in appellee.

All assignments of error are overruled, and the judgment of the trial court is affirmed.