## CITY OF BRECKENRIDGE v. AVENIUS.

### No. 1258.

Court of Civil Appeals of Texas. Eastland.
Oct. 5, 1934.

Rehearing Denied Nov. 2, 1934.

Floyd Jones, of Breckenridge, for appellant.

Marshall & King, of Graham, for appellee.

LESLIE, Justice.

Rudolph A. Avenius instituted this suit in the justice court to recover past-due interest on bonds owned by him and issued by the city of Breckenridge. From a judgment in his favor, the city appealed to the county court, where, upon a trial before the court without a jury, the plaintiff again recovered judgment, from which this appeal is prosecuted.

The facts out of which the suit arises are substantially these: October 1, 1921, the city of Breckenridge issued "sewer bonds" amounting to $245,000. These were in $1,000 denominations, and plaintiff became the owner of five of them. They bore interest at the rate of 6 per cent. per annum, payable semiannually, and the interest was evidenced by coupons attached to the bonds. The interest in suit became due on October 1, 1932, and the city defaulted in payment. The first $10,000 of the "sewer bonds" became due October 1, 1932. When the bonds were issued on October 1, 1921, provision was made by way of a tax levy for "Sewer Interest and Sinking Funds" to cover the issue. These collections were kept in a single deposit, so styled. No levy was made for said purpose for the year 1932. The city paid all interest due on the "sewer bonds" down to October 1, 1932. On April 4, 1933, when this suit was filed, the city had on hand approximately $46,000 to the credit of the "Sewer Interest and Sinking Fund" deposit. When suit was filed, there was outstanding of the original indebtedness the sum of $237,000. To meet the total annual interest on this sum at the stipulated rate, the sum of $14,220 was required. In 1931 the city levied a tax of 28 cents to cover the "Sewer Interest and Sinking Fund," and collected as a result of that levy about $10,300. This, like similar collections theretofore made for such purposes, was deposited in the "Sewer Interest and Sinking Fund." Obviously, the collection ($10,300) from the 1931 levy was not sufficient to meet the interest payment falling due October 1, 1932, and April 1, 1933. It was not only insufficient to meet the accumulated current interest, but necessarily failed to provide a sinking fund of not less than 2 per cent. of the principal indebtedness, as required by law in such cases.

Under this state of facts, the appellant, by two propositions, in substance the same, makes the contention that, since the city of Breckenridge had levied a 28-cent tax for 1931 to provide a sinking fund and payment of current interest on the "sewer bonds," and had failed to collect a sufficient amount from the levy to provide a sinking fund to take care of maturing bonds and also pay current interest, it would therefore be a misapplication and diversion of sinking funds already on hand to apply any amount of said sinking funds already on hand to pay the interest due October 1, 1932, or any part thereof. By reason of this situation, the appellant concludes it was error for the court to render judgment in favor of the plaintiff for the amount evidenced by the unpaid coupons; in other words, it is the appellant's view that, since it

had paid all interest up to October 1, 1932, the funds remaining in the "Sewer Interest and Sinking Fund" became "sinking funds" by operation of law for the purpose of paying maturing bonds only, and that under such circumstances it remained in that fund for the sole and only purpose of retiring maturing bonds, and that the city was without authority to go into such fund and take therefrom any amount and apply it to the payment of the interest for which this suit is brought.

Supporting this contention, the appellant cites the well-known articles of the Constitution and the statutes of this state forbidding cities to incur debts without levying a tax at the same time to pay interest and provide a sinking fund. Article 11, §§ 6 and 7, Constitution of Texas; article 839, R. S. 1925.

To meet the above contention, the appellee asserts that his suit "does not raise an issue as to whether the amount of the coupons shall be paid from interest or sinking funds of said city." In appellee's brief he further states: "Appellee here and now concedes as beyond dispute that the city of Breckenridge has no lawful authority to use or divert in any manner the sinking fund provided to retire the sewer bond issue for the purpose of paying the interest coupons sued upon herein. * * * It is believed to be settled that the authorities cited by appellant are mandatory as requiring the city of Breckenridge to keep, hold and maintain the sinking fund for the purpose of paying off the principal indebtedness of the bond issue and that the sinking fund cannot, under any circumstances, be used or applied to the discharge and payment of the appellee's debt. The appellee must collect his judgment from the proceeds of taxation to pay off such interest, or must be paid out of the general funds of the city." Further disclaiming any designs upon the accumulated funds on hand, the appellee sets forth that "the method and manner and time of the collection of the judgment should be left to the diligence and ingenuity of the appellee."

From the foregoing, it is apparent that the appellee, plaintiff below, merely seeks by this suit to have established the "legality and validity of his interest coupons as a judgment against the revenues of the city of Breckenridge." In view of the singular contention made by the appellant, as well as the generous concessions made by the appellee with reference to the latter's right to exact payment of this interest out of the city revenues deposited to the account of the "Sewer Interest and Sinking Fund," it is unnecessary for this court to determine at this time the appellee's right to require the city to pay this interest, or a judgment therefor, from that fund, or the funds on hand. The only question presented to this court is the right of the appellee under the facts of this case to a judgment for the past-due interest evidenced by the coupons in suit. The city contests this right by an answer alleging in substance, among other matters, that, when the sewer bonds were issued in 1921, the assessed values of the property in the city of Breckenridge amounted to approximately $9,000,000, and that by 1931 they had decreased to something less than $3,000,000, and that, taking into consideration the maximum rate of annual taxation allowed to that municipality incorporated under the general laws of Texas, as well as its inability to collect taxes in sufficient amounts to meet the obligation of these "sewer bonds" and numerous other municipal bonds and obligations outstanding at the same time, it was error upon the part of the court to render judgment in favor of the plaintiff.

From the showing made by the answer and the testimony, it appears that at the trial of this case the city was under a great burden of debt and in serious financial straits brought about by a decline in property values attributable to a widespread depression and the financial disorganization attending same. The answer merely reflects a condition of insolvency, or financial difficulty, which constitutes no valid defense to the legal obligation asserted by the plaintiff. The situation of the parties is similar to that occupied by the litigants in Voorhies v. Mayor, etc., of City of Houston, 70 Tex. 331, 7 S. W. 679, 684, and expressed by Judge Stayton in his opinion in this language: "The record illustrates the embarrassment under which the appellee labors, and its heavy weight of debt; but this was voluntarily contracted, and, when called upon to enforce its payment, the courts have a simple duty to perform, from which seeming hardships cannot be permitted to direct them."

For the reasons assigned, the judgment of the trial court is affirmed.