**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**Helen R. MAAS et vir, Appellees.**

No. 15656.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 31, 1970.

Rehearing Denied Oct. 8, 1970.

———◆———

Bryan & Amidei, Maurice Amidei, Fort Worth, for appellant.

William C. Meyer, Houston, for appellees.

COLEMAN, Justice.

This is a suit to recover medical and hospitalization expense alleged to be due under a sickness and accident insurance policy issued by appellant, a Stipulated Premium Insurance Company. Judgment for the plaintiffs was entered after a trial to the court without a jury.

Appellant contends that appellees failed to prove that the loss sustained did not come within certain exclusions from liability found in the insurance policy and that the court erred in awarding a penalty and attorney's fees. The court properly entered judgment for the loss sustained, but erred in awarding the penalty and attorney's fees.

In paragraph VII of its answer appellant alleged:

"Said defendant would show that it has no liability for the claim or claims as herein asserted by the plaintiff, in that the insurance policy issued by said defendant to plaintiff, and said defendant's liability thereunder, is subject to all of the provisions and limitations in said policy, that specifically said defendant is not liable for each and all of the following reasons, to-wit:

"1. The provisions, limitations and exclusions contained in the insuring clause of said policy.

"2. The provisions, limitations and exclusions contained in Part I. of said policy.

"3. The provisions, limitations and exclusions contained in Part III. of said policy.

"4. The provisions, limitations and exclusions contained in Part V. of said policy.

"5. The provisions, limitations and exclusions contained in Part VI. of said policy.

"6. The provisions, limitations and exclusions contained in Part IX. of said policy.

"7. The provisions, limitations and exclusions contained in Part X. of said policy.

"8. The provisions, limitations and exclusions contained in Part XI. of said policy.

"Said defendant herein does hereby specifically plead in defense to Plaintiff's action, the foregoing provisions, exclusions and limitations contained in said policy."

Appellant states in its brief that the policy exclusions were pleaded exactly as the policy exclusion defense was pleaded in Sherman v. Provident American Insurance

Company, 421 S.W.2d 652 (Tex.1967). The statements made in the opinion with reference to the pleadings in that case are, therefore, applicable to this case.

By points of error appellant urges that appellees failed to prove: that the Methodist Hospital (a world famous hospital located in the Texas Medical Center of Houston, Texas) was a legally constituted hospital as defined by the policy; that the hospitalization was not provided at the expense of any philanthropic, fraternal, eleemosynary or governmental institution or agency, or otherwise provided without cost to the person insured (although they knew that the proceeds of the policy had been assigned to secure payment of the doctor); that the hospital bills were authorized by a legally qualified doctor of medicine or osteopathy (although the claim submitted contained a statement of the doctor reflecting that he was a doctor of medicine and that he had performed surgery); that the loss resulted "wholly or partly in or from hospitalization for which the principal purpose is for physical examination or diagnosis (the evidence shows that Mrs. Maas suffered a stroke six days before the hospitalization and that diagnostic studies were made at the Kelsey-Seybold Clinic prior to the hospitalization). Not made the subject of points of error are the numerous other exclusions contained in the policy which were mentioned in the pleadings. While the pleading referred to is not in the transcript, appellees state in their brief that appellant filed a cross-action based on fraud on the day prior to trial, but presented no evidence supporting the pleading.

In Sherman, supra, the court said:

"At the time this Court granted this application for writ of error, it was thought we would be able to pass upon the sufficiency of the defendant's pleading of the exclusions and limitations contained in the policy.

" * * *

"Many of the policy exceptions pleaded by respondent and included in its mo-

tion as grounds for an instructed verdict were obviously sham defenses. To seek in this manner to frustrate the intended purpose of Rule 94 violates both its spirit and its letter; but we know of no authority, either of rule of procedure or of decided case, which authorizes this Court to reverse the judgment of the trial court because it failed in the absence of motion or exception, to strike or disregard the sham defenses, particularly since petitioners have made no complaint thereof on appeal.

" * * *

"Rule 90, Vernon's Texas Rules Ann., in plain and unambiguous language provides in part, '[e]very defect, omission or fault in a pleading *either in form or of substance,* which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, *shall be deemed to have been waived* by the party seeking reversal on such account.' (Emphasis added.)

"Insufficiency of pleadings cannot be raised for the first time in the appellate courts. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1944); Texas Osage Co-Op. Royalty Pool v. Kemper, 170 S. W.2d 849 (Tex.Civ.App., 1943), writ refused. This last case has been cited in many cases down through Olivares v. Service Trust Company (Tex.Civ.App., 1964), 385 S.W.2d 687, 688, no writ history, and its holding has never been questioned. Therefore, we do not have before us and cannot decide the question regarding the sufficiency of defendant's allegations in the case at bar."

Obviously here many of the policy exceptions pleaded by appellant were sham defenses. Appellant has violated both the spirit and the letter of Rule 94, Texas Rules of Civil Procedure. Here Rule 90, T.R.C.P., is not applicable because appellees are *not* seeking to reverse the trial court. This is a case tried to the court

without a jury. No findings of fact or conclusions of law were requested or filed. We must affirm the judgment rendered if it can be supported by the record under any applicable theory of law.

Rule 94, T.R.C.P., reads:

" * * * Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall *specifically* allege that the loss was due to a *risk* or *cause coming within a particular exception* to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists." (emphasis added.)

Paragraph VII of appellant's pleading does not specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability. Many of the paragraphs of the policy referred to in paragraph VII contain more than one exception. The insurance policy was not attached to the pleading nor filed. Rule 59, T.R.C.P. The trial court was authorized, if not compelled, by the rule to disregard issues claimed to have been raised by paragraph VII. Shaver v. National Title & Abstract Co., 361 S.W.2d 867 (Tex.1962); T. I. M. E., Inc. v. Maryland Casualty Company, 157 Tex. 121, 300 S.W.2d 68 (1957); Reid v. Associated Employers Lloyds, 164 S.W.2d 584 (Tex.Civ. App.—Waco 1942, error ref.).

Since this case is not governed by Rule 90, T.R.C.P., the statements of law and reasoning of the late Justice Norvell in his dissenting opinion in Sherman v. Provident American Insurance Company, supra, with which Justice Smith concurred, are applicable to this case. This is a case coming within the rule quoted in the dissenting opinion from 41 Am.Jur. 527, Pleadings § 347. The trial court was authorized to disregard the pleading of the appellant contained in paragraph VII as being sham or frivolous, without a motion and without an express order striking it.

By paragraph IX appellant specially denied that the sickness causing the hospitalization was covered by the policy in question because the sickness originated, was contracted, and began prior to the effective date of the policy and was, therefore, excluded by the terms of the policy. Such an exclusion is found in the policy.

Mrs. Maas testified that she had never had anything seriously wrong with her prior to May 22, 1967, and that she was in good health on that date. Prior to that time no doctor had recommended that she undergo surgery, or had predicted that she might need surgery. She was "feeling fine" on June 5, 1967, "and this thing just came on me". As she was entering her car, she struck her head. She immediately complained that she couldn't move her arm. She was taken to her doctor, and then to the emergency room of the Methodist Hospital. A doctor checked on her condition. After about an hour, she felt better, and was released. She went with her husband to eat dinner and found that she could not control the movement of her hand when she tried to eat. A day or two later she went to see Doctor Leiser. After examination and testing, he admitted her to the Methodist Hospital.

Dr. James D. McMurray testified that he is a licensed physician, a member of the American Board of Surgeons and the Board of Thoracic Surgery. He found that she had suffered a stroke, which, he testified, according to the emergency room record occurred on June 5, 1967. On June 15, 1967, he performed an operation which was necessary in the treatment of her illness. He testified that generally a stroke is a sudden event.

"Sickness" is defined in the policy to mean "sickness or disease contracted and originating" while the policy is in force.

In American Casualty & Life Co. v. Gueringer, 205 S.W.2d 423 (Tex.Civ.App. —San Antonio 1947), the court considered an insurance policy insuring against loss resulting from sickness "the cause of which had its beginning" after the policy had been issued for thirty days. The court said:

"* * * the word 'beginning' as used in the phrase, 'which (sickness) had its beginning,' has reference to an illness or medically recognized disease and not merely to a condition which might in the future give rise to a disease. The controlling question is: Was Mrs. Gueringer, on February 20, 1945 (thirty days after the date of the policy), suffering from the disease of cancer which later caused her disability and consequent hospitalization?"

Gueringer was followed by the Court of Civil Appeals at Amarillo in International Security Life Insurance Company v. Bryant, 453 S.W.2d 869 (opinion delivered April 6, 1970). The policy involved in Bryant is identical to the one at issue here. Even though there might have existed in Mrs. Maas' body conditions making her more susceptible to the illness (a stroke), unless she was suffering from the illness for which she was hospitalized on May 25, 1967, the illness did not originate prior to that date.

The testimony clearly supports the implied finding of the trial court that the sickness did not originate prior to the effective date of the policy. Much of this testimony, however, was admitted over the appellant's objection that evidence should not be admitted to contradict a judicial admission on the part of appellees that the illness did originate prior to the effective date of the policy. This objection was based on the fact that the appellees filed an unsworn answer to appellant's request for admissions under Rule 169, T.R.C.P.

The request for admissions directed to appellees, requested that it be admitted "that Mrs. Helen R. Maas and Dr. McMurrey answered the questions in the claim forms as to when the symptoms first appeared as 'indefinite' because in truth and in fact the sickness for which she was hospitalized on June 11, 1967, originated prior to May 25, 1967."

Appellees filed an answer to the requests within the proper time, but, according to the testimony, inadvertently failed to attach the sheet containing the jurat. No motion to amend the answer, or to extend the time for filing, was made. The defect was not called to the attention of appellees or of the court prior to trial. Both the doctor and Mrs. Maas appeared at the trial and testified.

Payment of the claim was denied by appellant for the stated reason that the medical director was of the opinion that the illness had its inception at a date prior to May 25, 1967.

"The primary purpose of the rule is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense. When the language of the rule is considered in the light of its purpose, there is no doubt that some discretion is lodged in the trial court in its enforcements. * * *" Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950).

■ The failure to reply to admissions under oath may be waived. McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144 (1945).

■ The request for admissions inquired as to the *reason* a particular answer was made to a question in the proof of loss form. Insofar as the doctor was concerned the inquiry necessarily was as to a medical opinion. The opinion testimony of expert witnesses is not binding on the court. He did not testify at the trial con-

cerning the reason he answered "indefinite" to the question in the proof of loss form. If Mrs. Maas is bound by the admission, it is only that the *reason* she answered as she did was because she was then of the opinion that her sickness began prior to May 25, 1967. She did not testify at the trial that she answered the question as she did for any other reason. No inquiry was made of her concerning the matter. Under the facts of this case such an opinion necessarily would have been based on medical information. Such testimony would not have been admissibile if offered at the trial. We do not hold that the cause or origin of such a physical condition is never a proper subject for admissions. In the request for admissions under consideration the inquiry is directed to the reason for the answer. The failure to answer does not establish the truth of the reason admitted. The trial court did not err in admitting the testimony tending to prove that the illness originated after May 25, 1967. The facts concerning the accident of June 5, 1967, the sudden appearance of the disabling condition, and the medical diagnosis of the disease do not contradict the admission, which could only establish the state of mind of the doctor and Mrs. Maas on the date the proof of loss form was answered. Sanchez v. Caroland, 274 S.W.2d 114 (Tex.Civ.App.—Ft. Worth 1954).

█ The question as to when the sickness "originated" was the basic question presented in the case. Its answer involved a mixed question of law and fact, and is not a proper subject for requests for admissions. Harris v. Columbia Broadcasting System, Inc., 405 S.W.2d 613 (Tex. Civ.App.—Austin 1966, ref. n. r. e.).

The trial court awarded a penalty and an attorney's fee under Art. 3.62 of the Insurance Code. Appellant is a Stipulated Premium Insurance Company. Art. 22.01 of the Insurance Code exempted such companies from insurance laws not contained in Chapter 22 of the Insurance Code unless such companies were expressly designated in the law. Art. 3.62 was made applicable to Stipulated Premium Insurance Companies by an amendment to Art. 22.18 of the Insurance Code, which became effective August 28, 1967. Mrs. Maas was hospitalized from June 11 to June 24, 1967. Her claim was first submitted to appellant prior to August 28, 1967. Her demand for payment was made subsequent to that date. Appellant denied the claim on September 27, 1967, and suit was filed in October, 1967.

Art. 3.62 provides, in substance, that in all cases where "a loss occurs" and the insurance company "liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonably attorney fees for the prosecution and collection of such loss."

The penalty provided by Art. 3.62 is recoverable for failure to pay a loss for which an insurer is liable. The cause of action is created by the statute and does not grow out of the contract. The attorney's fee is cost given as reimbursement for expenses incurred in enforcing the contract. Union Central Life Ins. Co. v. Chowning, 86 Tex. 654, 26 S.W. 982 (1894); Continental Casualty Company v. Boerger, 389 S.W.2d 566 (Tex.Civ.App.— Waco 1965, writ dism.)

Appellees' right to the penalty and attorney's fee depends on the failure to pay a valid claim within thirty days after demand. Both the demand and the failure to pay occurred after the amendment to Art. 22.18 became effective.

Appellant relies on Piedmont & Arlington Life Insurance Company v. Ray, 50 Tex. 511 (1878). There the court was concerned with a statute providing for a penalty and attorney's fee "in all cases where a loss occurs, and when they (insurance companies) refuse to pay within the time specified in the policy." The court construed the Act to apply to losses occur-

ring after the passage of the Act, and stated that if it applied to all cases where the claim was unpaid, without reference to the date of the loss, it would be unconstitutional in that it would violate the obligation of the contract, and would be a retrospective law.

We recognize that the Ray case may be distinguished from that before this court in that the time granted by the statute for the insurance company to determine whether to pay began to run from the date of loss. The insured died in February, 1873, and proof of death was made April 23, 1873. The Act allowing the penalty and attorney's fee was approved May 2, 1874. The suit was filed October 14, 1874. While the time allowed for payment by the insurance policy does not appear, it is probable that it had expired before the Act became effective. The appellant's brief, as reported, states that the alleged cause of action accrued long before the passage of the Act.

Article I, § 16, of the Constitution of the State of Texas prohibits both retroactive laws and laws impairing the obligations of Contracts. A statute is not a "retroactive law" unless it can be shown that vested rights acquired under the existing law are taken away or impaired. McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898 (1955). A statute is retroactive, and prohibited by the Constitution, if it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or adopts a new disability in respect to transactions or considerations already passed. American Surety Co. of New York v. Axtell Co., 120 Tex. 166, 36 S.W.2d 715 (1931); Turbeville v. Gowdy, 272 S.W. 559 (Tex.Civ.App.—Ft. Worth 1925).

By the act in question a new obligation was imposed on appellant. It was required to pay the claim within thirty days after demand or suffer a penalty. The manner and time of payment is provided in the insurance policy. Statutes are held to operate prospectively unless the

contrary construction is required by the language of the act. Cox v. Robison, 105 Tex. 426, 150 S.W. 1149 (1912). This statute should be construed to operate prospectively only. The trial court erred in awarding the penalty and attorney's fee.

The judgment of the trial court will be modified by eliminating the amounts allowed for penalty and attorney's fee, and, as modified, is affirmed.