DELTA COUNTY LEVEE IMPROVE-
MENT DISTRICT NO. 2, et
al., Appellants,

v.

Obie P. LEONARD, Jr., et al., Appellees.

No. 8447.

Court of Civil Appeals of Texas,
Texarkana.

Oct. 25, 1977.

Rehearing Denied Nov. 22, 1977.

Hardy Moore, Paris, for appellants.

Gene Dozier, Kleber C. Miller & Co., Fort Worth, for appellees.

RAY, Justice.

This is an appeal from a judgment rendered pursuant to the mandate issued by the Texas Supreme Court on a prior appeal directing the issuance of a writ of mandamus in order to effect the collection of three judgments against Delta County Levee Improvement District No. 2.

The mandamus directed the appellants to raise funds to extinguish the judgment debts owed to the appellees. The debts are the result of default on bonds sold in 1919 to finance proposed projects of the Delta County Levee Improvement District. Appellees are the assignees of judgment liens secured when the district defaulted on the bonds. The appellants are the Delta County Levee Improvement District No. 2, its supervisors and the Delta County Commissioner's Court.

Action was initiated by the appellees to collect on the judgment liens. Mandamus was sought to compel the appellants to levy and assess new taxes and collect delinquent taxes to raise the necessary funds.

The continuing validity of the appellees' claims was established in prior appeals to this Court and to the Supreme Court of Texas. *Leonard v. Delta County Levee Improvement Dist. No. 2*, 507 S.W.2d 333 (Tex. Civ.App. Texarkana 1974), aff'd 516 S.W.2d 911 (Tex.1975), cert. denied, 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975). Upon remand of the case the trial court directed the clerk to issue a writ of mandamus. From that order the appellants have perfected this appeal.

■ The appellees assert that all of the appellants' points of error were overruled in the prior appeal of this case, and that the law of the case doctrine precludes further consideration of those points. The application of the law of the case doctrine constitutes a threshold issue for this appeal.

This Court had occasion to apply the doctrine most recently in *Dessommes v. Dessommes*, 543 S.W.2d 165, 169 (Tex.Civ.App. Texarkana 1976, writ ref'd n. r. e.). The law of the case was said to be established when a question of law is determined in an appeal to a court of last resort, and to be controlling in all subsequent stages including retrial and subsequent appeal. See generally 4 Tex.Jur.2d, Rev., Part 2, Appeal & Error—Civil Cases, Sec. 997, p. 730.

The various jurisdictions have been noted to differ on the application of the doctrine to points which were not necessarily involved in the former appeal or which would have been, but were not raised there. 5 Am.Jur.2d, Appeal and Error, Sec. 752, p. 196.

In Texas, the doctrine of the law of the case has been held inapplicable to questions of law that were not decided by the appellate court on the prior appeal. *Magnolia Park Co. v. Tinsley*, 96 Tex. 364, 73 S.W. 5 (1903); 4 Tex.Jur.2d, Rev., Part 2, Appeal & Error—Civil Cases, Sec. 1004, p. 738.

The prior appeal of the instant case was concerned only with the possible legal justification for an order of mandamus which had been refused by the trial court. At issue was whether or not there was a valid, enforceable obligation owed the appellees for which mandamus of the appellants would lie. This Court and the Supreme Court of Texas both answered in the affirmative and the case was remanded to the trial court.

The present appeal concerns the validity of the mandamus as directed to be issued by order of the trial court after the remand of the case. The asserted flaws in the mandamus were not considered in the prior appeal because the order directing the mandamus to be issued was not then in being. This conclusion is unaffected by the fact that the issues now before this Court may have been foreshadowed by the briefs of the parties in the prior appeal. The order for the mandamus not being viable at that time, any shortcomings it might have had when finally decreed were not ripe for consideration.

This Court must proceed then to rule on the merits of the appellants' points of error. At issue is how, not whether, the appellees will be paid.

The appellants' first point of error complains of the order of the trial court that taxes be levied, assessed and collected from 1919 to date. The appellants assert the application of Article 7336f, Tex.Rev.Civ. Stat.Ann. (Supp. 1976–1977), which bars the collection of ad valorem taxes which became delinquent prior to December 31, 1939.

The collection of these delinquent taxes was coupled by the trial court with the assessment of new taxes in a complex order aimed at retiring the debt by the year 1982. The order requires that new taxes retire 20% of the debt each year beginning in 1978, but allows any proceeds received from the collection of delinquent taxes to be credited against the amount to be raised the following year.

The delinquent taxes in the instant case date back to the time of the creation of the District in 1919. When the sale of construction and maintenance bonds was authorized, so was the levying of a tax to pay the interest on the bonds and to provide a sinking fund for their retirement at maturity.

The appellees assert that assessment of these taxes was part of the contractual obligation between its assignors and the appellants. Cited as authority is *Edwards v. Kearzey*, 96 U.S. 793, 24 L.Ed. 793 (1877), which holds that the remedy subsisting when a contract is made is part of its obligation. Insofar as Article 7336f impairs that obligation, the appellees contend that the statute is in violation of the contract clause of the U. S. Constitution, article I, Sec. 10.

■ The appellants respond that Article 7336f has no effect on the obligation to pay off the bonds, but merely changes the remedy by which payment can be sought by narrowing the scope of taxable years. Permissible changes of remedy have often been distinguished from prohibited impairments of obligation. *Aikens v. Kingsberry*, 247 U.S. 484, 38 S.Ct. 558, 62 L.Ed. 1226 (1918); *Simmons v. City of El Paso*, 320 F.2d 541 (5th Cir. 1963), rev'd on other grounds, 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1965); *Paschal v. Perez*, 7 Tex. 348, 365 (1851); and see generally 8A Texas Digest, Constitutional Law, ■ The basis of this distinction lies largely in reasonableness unguided by definitive rules. 16 Am. Jur.2d, Constitutional Law, Sec. 456, p. 810. A total or substantial impairment of remedy will be held to have a corresponding impairment of obligations. 3 Corbin On Contracts, Sec. 551, p. 200. A change in remedy which leaves adequate and substantial alternative remedies will be upheld. 12 Tex.Jur.2d, Constitutional Law, Sec. 128, pp. 475, 476; *Lingo Lumber Co. v. Hayes*, 64 S.W.2d 835 (Tex.Civ.App. Dallas 1933, no writ). If the value of the contract has not been diminished, then its obligation has not been impaired. *Dallas County Levee Improvement Dist. No. 6 v. Rugel*, 36 S.W.2d 188, 189 (Tex.Com.App.1931, jdgmt. adopted).

■ Texas authorities most nearly on point have held that when an act of the state legislature authorizing a bond issue creates or authorizes the creation of a certain fund for the bonds' payment, such provision of the act cannot be repealed without the substitution of something of equal efficacy. *City of Aransas Pass v. Keeling*, 112 Tex. 339, 247 S.W. 818, 821 (1923); *City of Austin v. Cahill*, 99 Tex. 172, 88 S.W. 542 (1905). The constitutional issue is not what the subsequent legislation takes in the way of contract remedies, but what it leaves untouched. If the surviving or newly created remedies provide a satisfactory means of recovery, then the contract clause has not been offended. This was the rule applied by the Supreme Court of Arkansas in *Beaumont v. Faubus*, 239 Ark. 801, 394 S.W.2d 478 (1965). There the obligation of the state relative to highway funding bonds was said to have been unimpaired by the statutory substitution of federal government bonds as security for certain state highway revenues. The right of bond holders to be repaid was said not to include the right to be repaid from a particular source.

■ The only case which has been discovered adjudicating the validity of statutory cancellation of delinquent taxes is *San Bernardino County v. Way*, 18 Cal.2d 647, 117 P.2d 354 (1941). The court upheld the validity of the statute noting that debts owed the bond holders could be satisfied by an additional levy upon the taxable property in the district. The California case is interesting by way of contrast to the case at bar. There the taxpayers challenged the validity of the remission statute, asserting that imposition of new taxes would alter their contractual obligation to pay off the bonds as per the original structure. Their argument was rejected upon a fact finding that the change in remedy was to their advantage. Here the remission statute is assailed by the judgment lien holders, the appellees. Appellees have, however, failed to present any evidence of any hardship which would befall them if they were repaid out of contemporary rather than delinquent tax assessments.

The order of the trial court imposed a tax structure under which 20% of the debt owed would be repaid each year with credit given against the debt for collection of delinquent taxes. The order must be reformed to disallow collection of taxes delinquent before December 31, 1939. Such a modification will fulfill the will of the legislature and provide an adequate remedy without impairing any contractual obligation owed or owned by the parties.

The appellants' second, third and fifth points of error complain of the severity of the order of mandamus as issued by the trial court. Their fourth point of error complains, without elaboration, of deprivation of due process by the promulgation of the trial court's plan of taxation.

The appellees contend that the appellants, acting in their official capacities, lack the standing to raise these issues. A ministerial officer cannot question the constitutionality of the law fixing his ministerial duties. 16 Am.Jur.2d, Constitutional Law, Sec. 128, pp. 325, 326.

 The courts cannot, however, compel a public official to act in compliance with an unconstitutional law, and the public official may question the legality of such a law. *Holman v. Pabst*, 27 S.W.2d 340 (Tex. Civ.App. Galveston 1930, writ ref'd); 37 Tex.Jur.2d, Mandamus, Sec. 10, p. 598. See also *Glass v. Smith*, 150 Tex. 632, 244 S.W.2d 645, 654 (1951), for a discussion of this problem. Although the *Holman* case dealt with a constitutional challenge to a statute, there is no apparent reason why the same rule should not be applied to a constitutional challenge to a judicial decree. We find appellants' points to be without merit. The constitutional obligation to levy and collect taxes is one that can be enforced by mandamus sought by creditors of the taxing unit. *City of East St. Louis v. United States ex rel. Amy*, 120 U.S. 600, 7 S.Ct. 739, 30 L.Ed. 798 (1887); *Voorhies v. City of Houston*, 70 Tex. 331, 7 S.W. 679 (1888); *City of Austin v. Cahill*, supra. This same authority establishes that the severity of the order is within the sound discretion of the trial court and that appellate courts will not sympathize when the debts were voluntarily incurred and allowed to accumulate by neglect. See *City of Breckenridge v. Avenius*, 75 S.W.2d 916 (Tex.Civ.App. Eastland 1934, no writ).

The judgment of the trial court is modified to reflect that the clerk of the District Court of Delta County shall issue a peremptory writ of mandamus ordering appellants and their successors to assess the property in Delta County Levee Improvement District No. 2 for each and every year since 1939 that such property was not assessed rather than the year 1919 as set out in the trial court's judgment and the tax levy upon the property within the district is hereby changed in the trial court's judgment from 1919 to the year 1939 such that the Commissioner's Court is ordered to make a lawful tax levy upon the property within the levee district for each and every year that such levy was not made from 1939 to the present, according to the laws of the State of Texas for making tax levies.

The judgment of the trial court as modified is affirmed. Tex.R.Civ.P. 435.