**Jolly PETERS and Wife, Lillian Peters, et al., Appellants,**

**v.**

**Obie P. LEONARD, Jr., et al., Appellees.**

**No. 8845.**

Court of Civil Appeals of Texas, Texarkana.

April 22, 1981.

Rehearing Denied May 19, 1981.

Hardy Moore, Moore & Lipscomb, Paris, for appellants.

C. Vic Anderson, Jr., Shannon, Gracey, Ratliff & Miller, Fort Worth, for appellees.

PER CURIAM.

An appeal is taken from the granting of a summary judgment in favor of the appellees, Obie P. Leonard, Jr., R. W. Leonard, Margery Ann Hodges and Mary Jane Anthony, and Patsy Barton in her capacity as the District Clerk of Delta County, Texas. Appellants are Jolly Peters and wife, Lillian Peters, and Larry W. (Bud) Skinner, and the Delta County Levee Improvement District No. 2. The controversy has a long history.

The Improvement District was created in 1919 and during that year it issued and sold bonds in the sum of $120,000.00. None of the principal or interest on the bonds was ever paid and judgments were taken against the District on June 9, 1942, June 9, 1947, and January 15, 1951. Executions in accordance with Article 3773, Tex.Rev.Civ. Stat.Ann., were obtained for each judgment within ten years after its rendition and subsequent executions were obtained within ten years of the preceding executions, all being returned nulla bona. The last executions were issued on February 11, 1966.

In 1971, appellees, owners of the three judgments, filed suit in the District Court of Delta County seeking a writ of mandamus to compel Delta County and the Improvement District to levy, assess and collect taxes sufficient in amount to pay the judgments together with the accrued interest thereon. The trial court, after a trial before a jury, entered judgment refusing the application for a writ of mandamus.

The cause was then appealed and upon appeal was remanded to the trial court with instructions to cause the issuance of the writ of mandamus. *Leonard v. Delta County Levee Improvement District No. 2,* 507 S.W.2d 333 (Tex.Civ.App.—Texarkana 1974), *affm'd,* 516 S.W.2d 911 (Tex.1975), *cert. denied,* 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975). Upon this remand the trial court on August 9, 1976, directed the District Clerk of Delta County to issue the writ of mandamus and from this order an appeal was perfected. We affirmed in *Delta County Levee Improvement District No. 2 v. Leonard,* 559 S.W.2d 387 (Tex.Civ.App. —Texarkana 1977, writ ref'd n. r. e.), and the writ of mandamus has issued.

The present suit was filed on October 1, 1979. It sought to, (1) have the mandamus recalled; (2) enjoin the enforcement of the judgment as affirmed by this Court; and (3) to have declared that the prior judgments are unenforceable. Defendants asserted various legal grounds in support of their motion for summary judgment includ-

ing, (1) that the suit was barred by res judicata, and (2) that the suit was an impermissible collateral attack on a final judgment.

■ A summary judgment is properly granted only when the record establishes the absence of any genuine issue of fact and the right of movant to judgment as a matter of law. Tex.R.Civ.P. 166–A(c); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176 (Tex.1972). In this case the facts were put before the court by extensive stipulation.

■ We have before us a proceeding which seeks to have a mandamus recalled and to declare unenforceable a judgment when previously this Court upheld that judgment and directed the issuance of that mandamus. 559 S.W.2d 387. Where, as in this controversy, there exists a valid final judgment on the merits of a cause of action, that judgment precludes relitigation of all issues considered in the prior suit as well as those issues which should have been considered. *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979); *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.1971). The doctrine of collateral estoppel differs in that it precludes relitigation of only those issues actually and finally decided in a prior action. *Hanrick v. Gurley*, 93 Tex. 458, 56 S.W. 330 (1900); 34 Tex.Jur.2d Judgments § 450. Since all issues in this case were litigated and decided by an existing final judgment, both of these doctrines bar the present suit.

Appellants' points of error are overruled. The movants are entitled to judgment as a matter of law.

We affirm the judgment.

HUTCHINSON, Justice, dissenting.

I dissent.

The case of *Delta County Levee Improvement District No. 2 v. Leonard*, 559 S.W.2d 387 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.), was rendered on October 25, 1977, and the mandate was filed with the Delta County District Clerk on June 7, 1978. The present suit was filed on October 1, 1979. On November 26, 1979, the appellees, other than Patsy Barton, caused a writ or writs of mandamus to be issued commanding the Delta County Commissioner Court and the Board of Supervisors of the Delta County Levee Improvement District No. 2 to levy, assess and collect taxes sufficient to pay the amount owed to them. The take nothing judgment was filed for record on January 16, 1980.

Appellants' primary assertion by this appeal is that the filing of the suit in 1971 seeking a writ of mandamus did not toll the operation of Article 3773, Tex.Rev.Civ.Stat. Ann., since judgments can only be kept alive by the issuance of writs of execution. This Court stated in the first appeal of *Leonard v. Delta County Levee Improvement District No. 2*, 507 S.W.2d 333 (Tex. Civ.App.—Texarkana 1974), *affm'd*, 516 S.W.2d 911 (Tex.1975), *cert. denied*, 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975), that:

" . . . Art. 3773, supra, is the only method provided by statute in Texas to keep a judgment from becoming dormant. The law requires that a writ of execution be issued to keep a judgment lien alive against a political subdivision even though it provides as a matter of public policy that the property of the district is not subject to execution to pay the judgments rendered against the district. . . ."

And the Texas Supreme Court in the affirmance of the case stated:

" . . . As stated above, Article 3773, Vernon's Tex.Rev.Civ.Stat., provides that the only method the limitation period governing the validity of a judgment can be extended beyond 10 years is through the issuance of a writ of execution.

"Although an execution is not the proper method of collecting on a judgment against a political subdivision, it is the means by which such a judgment can be kept alive to be subsequently enforced by a writ of mandamus. Article 3773 provides no other alternative. . . ."

As noted, the last executions were issued on February 11, 1966. On August 9, 1976,

the trial court directed the clerk to issue the writ of mandamus, some six months after a ten-year period had elapsed. The writ or writs of mandamus actually issued and involved in the present litigation were not issued until November 26, 1979. I would therefore hold that the filing of the suit for mandamus in 1971 and the subsequent issuance of the writ, did not prevent the judgments from becoming dormant by reason of Article 3773.

The summary judgment rendered by the trial court was based upon the motion of appellees and not upon a motion made by appellants. Therefore this cause should be reversed and remanded. *Cowan v. Woodrum*, 472 S.W.2d 749 (Tex.1971); *Hinojosa v. Edgerton*, 447 S.W.2d 670 (Tex.1969).