817 S.W.2d 764 (1991)
Stephen S. DURISH, as Permanent Receiver of Lloyd's, U.S., a Texas Lloyd's Plan Insurer, Appellant,
v.
TEXAS STATE BOARD OF INSURANCE; the Attorney General of the State of Texas, Jim Mattox; and the State of Texas, Appellees.
No. 6-90-039-CV.
Court of Appeals of Texas, Texarkana.
September 24, 1991.
*765 Stephen L. Hubbard, Rubinstein & Perry, David A. MacDonald, Rubinstein & Perry, Dallas, Randolph N. Wisener, Rubinstein & Perry, Austin, for appellant.
Fred I. Lewis, Asst. Atty. Gen., Finance Div., Austin, for appellees.
Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION
CORNELIUS, Chief Justice.
The sole question on this appeal is whether Tex.Ins.Code Ann. art. 21.79D (Vernon Supp. 1991)[1] contravenes the Texas *766 Constitution. In a summary judgment the trial court ruled that it does. We agree and affirm the judgment.
Article 21.79D provides generally that an insurer may bring a legal action to prevent, or redress the effects of, fraudulent insurance practices in this state if the insurance board has not brought an action against such practices, and that an insurer doing so is entitled to recover its reasonable and necessary expenses in the form of offsets against obligations or debts it owes to the state. By amendment,[2] the statute explicitly provides that it applies not only to actions commenced after its effective date, but also to actions begun after January 1, 1987, but in which a final judgment had not been entered before the effective date of the statute. In other words, although enacted in 1989, the statute is expressly made retroactive to cover actions begun and prosecuted between January 1, 1987 and June 15, 1989.
Lloyd's U.S. Corporation sought certification under Article 21.79D, alleging that it had brought antifraud actions against Joseph Landis and others who had defrauded thousands of insurance purchasers by selling bogus policies and collecting premiums in the name of established insurance companies without the authority or agreement of those companies. It alleged that it had assisted in recovering some $3.5 million worth of hidden assets and had also secured a judgment for $2.6 million against the fraudulent actors. It sought to recover $4,080,150.76 in offsets against its state obligations as payment for attorney's fees and expenses incurred in its antifraud activities. The State Board of Insurance, the Attorney General, and the State intervened in the certification action and sought a declaratory judgment that Article 21.79D is unconstitutional.
All parties moved for summary judgment. Lloyd's motion was supported by affidavits and other summary judgment evidence showing that it had complied fully with the requirements of Article 21.79D and had incurred $4,080,150.76 attorney's fees and expenses. The Board's motion asserted that Article 21.79D was unconstitutional on its face because, among other reasons, it was a retroactive law in violation of Tex. Const, art. I, § 16.[3] The trial court held that the statute was unconstitutional and granted the Board's motion for summary judgment. The court did not reveal which of the several attacks on the statute's constitutionality was the basis for its judgment.
The Texas Constitution expressly prohibits retroactive laws. A statute is not retroactive, however, unless it impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or adopts a new disability with respect to transactions already passed. McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898 (1955); Keith v. State, 760 S.W.2d 746 (Tex.App.Fort Worth 1988, no writ); Cardenas v. State, 683 S.W.2d 128 (Tex. App.San Antonio 1984, no writ); International Security Life Insurance Co. v. Maas, 458 S.W.2d 484 (Tex.Civ.App. Houston [1st Dist.] 1970, writ ref'd n.r.e.).
The statute in question is explicitly made retroactive to apply to actions commenced *767 after January 1, 1987, but in which final judgments were not entered before June 15,1989. The actions commenced and prosecuted by Lloyd's fit in that category. Thus, the statute is an illegal retroactive law if it impairs vested rights or creates new obligations or duties with respect to transactions previously occurring.
By the statute's plain language it imposes on the State the obligation to offset debts that the insurer "owed to the state," by the amount of costs and attorney's fees incurred by the insurer with respect to transactions which occurred before passage of the statute. The assessments and debts owed by the insurer to the State are vested rights of the State which cannot be impaired by a retroactive law.
We have been unable to find a case where this exact question has been presented, but several cases have applied the constitutional prohibition against retroactive laws to efforts to apply attorney's fee statutes retroactively. See Government Personnel Mut. Life Ins. Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525 (1952); International Security Life Insurance Co. v. Maas, supra.
Lloyd's argues that the statute does not impair vested rights because it does not supplant or restrict the state's right to bring antifraud actions, but only creates an additional private remedy for such frauds. The problem with the statute, however, is not that it interferes with a state antifraud remedy. The problem is that, for actions previously taken, it grants offsets against debts owed to the state. The debts owed by the insurer to the state were vested under existing law. They cannot be impaired by a subsequently-passed law operating retroactively.
Lloyd's also argues that the Board failed to produce summary judgment evidence showing that the statute is an improper retroactive law. We disagree. The constitutionality of a statute is a question of law, not of fact. The Board adequately and thoroughly presented to the court in its motion for summary judgment the various legal reasons why the law violated the conn. App.Texarkana 1991) stitution. Lloyd's motion contained all summary judgment evidence necessary to show how the statute, if applied, would apply to it. Tex.R.Civ.P. 166a.
Lloyd's also contends that the State and the Insurance Board do not have standing to contend that the statute is unconstitutional. We reject this proposition. While the State is not a "person" within the meaning of the Bill of Rights' due course of law, equal rights, and privileges and immunities guarantees,[4] and therefore cannot assert that its own enactments deny it such rights, McGregor v. Clawson, 506 S.W.2d 922 (Tex.Civ.AppWaco 1974, no writ); Harris County v. Dowlearn, 489 S.W.2d 140 (Tex.Civ.App.Houston [14th Dist.] 1972, writ ref'd n.r.e.), that rule does not apply to other constitutional provisions. State officials have not only the right, but the duty, to challenge actions to be taken pursuant to a statute that is unconstitutional. Corsicana Cotton Mills v. Sheppard, 123 Tex. 352, 71 S.W.2d 247 (1934); Delta County Levee Improvement Dist. v. Leonard, 559 S.W.2d 387 (Tex.Civ.App.Texarkana 1977, writ ref'd n.r.e.). The constitution is the highest law of the state, and all public officials are sworn to uphold and defend it. The state represents the people, and when the state seeks to enforce the constitutional prohibition against retroactive laws, it is protecting the people from oppressive and unjust laws. We respectfully disagree with the court's holding in Parker County v. Weatherford Independent School Dist, 775 S.W.2d 881 (Tex. AppFort Worth 1989, no writ), that the state has no standing to assert that a statute impaired the obligation of a contract in violation of Tex. Const, art. I, § 16.
The Board urged in its motion for summary judgment that Article 21.79D also contravenes Tex. Const, art. Ill, §§ 44, 51, 55; art. XVI, § 6; art. VIII, § 10; art. Ill, § 56; art. II, § 1; and art. IV, § 22. Because we find that it violates the retroactive law prohibition of Article I, § 16, the statute is void, and it is unnecessary for us to rule on the additional grounds.
*768 For the reasons stated, the judgment of the trial court is affirmed.
NOTES
[1] Tex.Ins.Code Ann. art. 21.79D (Vernon Supp. 1991) provides:

Sec. 1. In this article:
(1) "Board" means the State Board of Insurance.
(2) "Insurer" means an insurance company regulated by the board, including any domestic or foreign, stock and mutual life, health, or accident insurance company; domestic or foreign, stock and mutual, fire and casualty insurance company; Mexican casualty company; domestic or foreign Lloyd's plan insurer; domestic or foreign reciprocal or interinsurance exchange; domestic or foreign fraternal benefit society; domestic or foreign title insurance company; attorney's title insurance company; stipulated premium insurance company; nonprofit legal service corporation; statewide mutual assessment company; local mutual aid association; local mutual burial association; an exempt association under Article 14.17 of this code; nonprofit hospital, medical, or dental service corporation including a company subject to Chapter 20 of this code; health maintenance organization; county mutual insurance company; or farm mutual insurance company.
Sec. 2. An insurer acting alone or by and through any affiliated person, corporation, or legal entity may bring an action, counter-action, or cross-action in a court of competent jurisdiction to prevent a person from fraudulently engaging in the business of insurance in this state or to redress the effects of a person who has fraudulently engaged in the business of insurance in this state, without regard to whether the insurer is directly affected by the actions of the person, if:
(1) the acts of the person may adversely affect or have adversely affected at least 10 persons who are citizens of this state; and
(2) the board has not commenced a court antifraud action against the person.
Sec. 3. (a) An insurer may request a court of competent jurisdiction to certify that an action is an antifraud action under this article.
(b) When the insurer files a request for certification with the court, the insurer shall give at least 10 days notice of the request to the board, and to the attorney general, whether or not the board or the state is a party to the action, by serving the board and the state with a copy of the request for certification of the action by the court in the manner provided for service of notice pursuant to Rule 21a of the Texas Rules of Civil Procedure.
(c) As soon as practicable after the request by the insurer, the court shall hold a hearing to determine if the action is an antifraud action under this article.
(d) The court shall certify that the action is an antifraud action if the court determines that:
(1) the requirements of Section 2 of this article for bringing an antifraud action are met; and
(2) the pleadings and evidenced show that the insurer has a probable right of recovery on the action.
Sec. 4. (a) A court that certifies that an action is an antifraud action under this article may, from time to time, enter orders that determine the amount of reasonable and necessary expenses, including court costs, reasonable attorney's fees, witness fees, fees of experts, and deposition expenses incurred in bringing the action.
(b) In making its determination under Subsection (a) of this section, the court may consider the contribution to the action of any person, including a state agency, that has intervened in the action.
Sec. 5. (a) The reasonable and necessary expenses incurred that are determined by orders of the court constitute deductions or offsets against any obligation, assessment, or debt of an insurer owed to the state, provided, the insurer reimburses the state in the amount of any expenses actually recovered from the parties to the private antifraud action under a final judgment awarding, in whole or in part, costs and expenses to or for the benefit of the insurer. The reimbursement may not exceed the actual amounts of deductions or offsets taken by the insurer. The insurer may assign the deductions or offsets to any other insurer or reinsurer.
(b) Until a deduction or offset is taken, the insurer or its assignee entitled to the offset or deduction may reflect the balance of the deduction or offset in its books and records as an admitted asset for any purpose.
Sec. 6. This article does not affect the right of any person, including a state agency, to intervene in an antifraud action brought under this article.
[2] "Section 3(b) and (c) of the 1989 amendatory act provides:

`(b) Section 2 of this Act applies only to:
`(1) an action commenced on or after the effective date of this Act; or
`(2) an action commenced after January 1, 1987, in which final judgment has not been entered before the effective date of this Act.
`(c) An action commenced after January 1, 1987, in which final judgment has been entered before the effective date of this Act or an action commenced before January 1, 1987, is governed by the law in effect at the time the action was commenced and that law is continued in effect for that purpose.'" Tex.Ins.Code Ann art. 21.79D note (Vernon Supp.1991).
[3] TEX. CONST. art. I, § 16 provides, "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."
[4] Tex. Const art. I, §§ 3, 19.